IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
1:20 CR 78 MR WCM

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> v. ) <br> ) <br> DOUGLAS AARON HOLCOMB ) <br> ) <br> Defendant. ) <br> _____ ) | MEMORANDUM AND <br> RECOMMENDATION |

This matter is before the Court on Defendant's Motion to Suppress Identification (Doc. 23) ("Motion to Suppress"), which has been referred to the undersigned pursuant to 28 U.S.C. § 636. Doc. 23. The Government has responded, and Defendant has replied. Docs. 26, 30. Having reviewed the arguments, the undersigned respectfully recommends that the Motion be denied as moot.

I. **Procedural History**

On August 5, 2020, Douglas Aaron Holcomb was indicted on one count of being a felon in possession of firearms and ammunition, in violation of 18 U.S.C. § 922(g)(1). Doc. 1. On August 28, Mr. Holcomb was arraigned and entered a plea of not guilty.

On November 16, Defendant filed the Motion to Suppress. Doc. 23.

## II. Discussion

The factual background in the Motion to Suppress states, in part, that on January 31, 2020 a law enforcement officer parked along the North Carolina-South Carolina line heard gunshots from the South Carolina side of the border. He subsequently observed a pickup truck, which was driven by Defendant, then stopped and searched the truck, locating ammunition and other various items. Law enforcement also located a person who had been a passenger in the truck. In addition, they recovered two (2) magazines for a semi-automatic handgun and two (2) firearms. Both Defendant and the passenger were arrested. Doc. 23 at 1-2.

Over the course of their investigation, law enforcement personnel interviewed Jacob Henderson, who had sold a pistol in December 2019. Id. at 2. Mr. Henderson provided a description of the person to whom he sold the weapon. Id. Law enforcement showed Mr. Henderson a photograph of Defendant, and Mr. Henderson stated that he was "90% certain" that Defendant was the person to whom he had sold the gun, despite differences between Mr. Henderson's description and the photograph he was shown. Id. at 3.

Defendant argued that Mr. Henderson's identification was unreliable and unconstitutionally suggestive and should be suppressed. Id. at 3-4. He also

argued that because the out-of-court identification was inadmissible, the Court should suppress any in-court identification. Id. at 6-7.

The Government filed a response on November 30, in which the Government agreed not to submit Mr. Henderson's prior identification of Defendant as part of its case-in-chief. Additionally, the Government agreed not to ask Mr. Henderson to make an in-court identification of Defendant during its case-in-chief.. Doc. 26.

Considering the Government's response, the undersigned directed Defendant to file a reply advising whether any issue raised in the Motion to Suppress remained active.

Defendant's Reply was filed on December 2 and advised that "in light of, and in reliance upon, the government's consent not to use such identifications by Mr. Henderson in their case-in-chief, Mr. Holcomb submits that there are no remaining active issues in his pending Motion to Suppress (Doc. 23) and Memorandum in Support (Doc. 24)." Doc. 30.

Accordingly, it appears that the issues raised by Defendant's Motion to Suppress are now moot.

## III. Recommendation

The undersigned therefore **RECOMMENDS** that Defendant's Motion to Suppress Identification (Doc. 23) be **DENIED AS MOOT**.

Signed: December 4, 2020

W. Carleton Metcalf
United States Magistrate Judge

## Time for Objections

The parties are hereby advised that, pursuant to Title 28, United States Code, Section 636(b)(1)(B), written objections to the findings of fact, conclusions of law, and recommendation contained herein must be filed within **fourteen (14)** days of service of same. **Responses to the objections must be filed within fourteen (14) days of service of the objections.** Failure to file objections to this Memorandum and Recommendation with the presiding District Judge will preclude the parties from raising such objections on appeal. See Thomas v. Arn, 474 U.S. 140 (1985).